**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KEITH THOMAS,** | CV F 05-0299 AWI SMS |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | |
| **FEDERAL CONGRESS MEMBER ENACTMENT OF PLRA, et al.,** | |
| **Defendants**. | |

Plaintiff is a state prisoner proceeding pro se with an action alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On March 22, 2005, the Magistrate Judge filed findings and a recommendation that recommended the court deny Plaintiff's requests for injunctive relief from the requirement of paying a filing fee and direct Plaintiff to pay the filing fee or face dismissal of the action. Plaintiff filed objections to the findings and recommendation.

On April 22, 2005, the court adopted the findings and recommendations, found Plaintiff ineligible to proceed in forma pauperis, and denied Plaintiff's request for an order permitting him to proceed in forma pauperis.   The court ordered Plaintiff to pay the $250.00 filing fee within twenty days.  The court informed Plaintiff that failure to pay the filing fee would result in this action's dismissal.

Over twenty days have passed and Plaintiff has not paid the filing fee or otherwise contacted the court.

As previously explained by the Magistrate Judge, Plaintiff is required to pay the $250 filing fee for this action. In imposing the fee, the court is proceeding pursuant to 28 U.S.C. § 1914, which requires parties instituting any civil action, suit, or proceeding to pay a filing fee of $250.00. As explained by the Magistrate Judge, Plaintiff is not eligible to proceed in forma pauperis because on three occasions Plaintiff has brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. See 28 U.S.C. § 1915(g).[1] Despite the court's order requiring Plaintiff to pay the filing fee of $250 within twenty days, Plaintiff has not paid the filing fee or responded to the court's order.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik, 963 F.2d at 1260-61.

At this time, the court has no choice but to dismiss this action. Plaintiff has not paid the filing fee and the case cannot proceed until Plaintiff pays the filing fee. The court cannot manage its docket if it maintains cases in which a plaintiff fails to comply with court orders and pay the filing fee. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of

---

[1] See Thomas v. Galaza, CV-F-00-5345-AWI-LJO-P (dismissed for failure to state a claim and/or as frivolous on June 26, 2000); Thomas v. Kim, CV-F-99-6553-AWI-HGB-P (dismissed for failure to state a claim on August 29, 2000); and Thomas v. Galaza, CV-F-00-5348-OWW-LJO-P (dismissed for failure to state a claim on November 14, 2000).

cases on their merits also has little or no weight in actions where the plaintiff fails to comply with court orders and pay the filing fee.  The availability of less drastic sanctions has been considered, but given that Plaintiff refuses to pay the filing fee and this action cannot proceed without the filing fee, the court has no effective sanction but to close the case.  The court expressly warned Plaintiff that failure to pay the filing fee would result in this action's dismissal.   Finally, the risk of prejudice to Defendant also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

Accordingly, the court ORDERS that:

1. This action is DISMISSED for Plaintiff's failure to comply with the court's order to pay the filing fee; and
2. The Clerk of the Court shall close the case.

IT IS SO ORDERED.

**Dated:   May 10, 2005**          /s/ Anthony W. Ishii
0m8i78                             UNITED STATES DISTRICT JUDGE